25 F.3d 1051
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Randall HARWOOD, Defendant-Appellant.
 No. 93-6344.
 United States Court of Appeals, Sixth Circuit.
 May 25, 1994.
 
 Before: RYAN and NORRIS, Circuit Judges; and KRUPANSKY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 In this case, the defendant, Charles Randall Harwood, asks us to decide whether his dual punishments on charges that he carried and used a firearm during a crime of violence, in violation of 18 U.S.C. Sec. 924(c)(1), and on the underlying violent crime of "carjacking" under 18 U.S.C. Sec. 2119, violated the Fifth Amendment's prohibition on double jeopardy. According to the defendant, because carjacking also requires possession of a firearm, it constitutes the same offense under Blockburger v. United States, 284 U.S. 299 (1932), as a violation of section 924(c)(1). On this basis, the defendant argues that he has been subjected to double punishment, and thus to double jeopardy.
 
 
 2
 We recently rejected this precise argument in United States v. Johnson, 1994 Fed.App. 0128 P (6th Cir.). There, relying on Albernaz v. United States, 450 U.S. 333 (1981), we observed,
 
 
 3
 Armed carjacking is a specific crime of violence carrying a nonmandatory sentence. Section 924(c), written in much more general language than the carjacking statute, simply enhances punishment for the same violent conduct.... Congress wanted to make sure in Sec. 924(c) that all federal crimes of violence committed with a firearm are enhanced, even though the other more specific crime of violence also requires the presence of a firearm. Congress intended to impose additional punishment for the same conduct, and the Double Jeopardy Clause does not proscribe multiplying the punishment in this way.
 
 
 4
 Johnson at 4-5. Our decision in Johnson is controlling here, and requires that we reject the defendant's claim of error.
 
 
 5
 The defendant also contends that the district court erred in refusing to depart downward from the sentence prescribed by the federal sentencing guidelines. A district court's refusal to depart downward is not cognizable on appeal, provided the court was aware it had discretion to depart. United States v. Hamilton, 949 F.2d 190, 192 (6th Cir.1991). Our review of the sentencing hearing transcript reveals that the district court carefully considered the defendant's arguments, and concluded that his was not a case warranting a downward departure.
 
 
 6
 Accordingly, we AFFIRM the district court's order of judgment.